## (July 18, 1974)

■ GRIFFIN A. BROOKS et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53218.)— Cross appeals from a judgment in favor of claimants, entered January 3, 1973, upon a decision of

the Court of Claims. Claimant was the owner of approximately 47 acres of land located on the south side of Route 7 about three quarters of a mile east of the City of Oneonta, New York, when, on October 8, 1970, the State appropriated a portion of this property pursuant to section 30 of the Highway Law. Prior to the taking, the property consisted of 2.83 acres along the highway improved with a restaurant and 43.6 acres of adjoining backland, extending southward to the Susquehanna River, which property claimants utilized for picnicking, camping and related activities in conjunction with their restaurant operation. This backland area was improved with a mobile home site, a wood-frame picnic shelter, a barbecue pit, a trap house and a trap shooting area, and its southern-most section was separated from the remainder of the property by a railroad right of way. Claimants had access to this approximate 4¼ acres which fronted on the river by means of a farm-type crossing over the right of way and tracks. Taken in fee and without access, the single parcel appropriated by the State consisted of 18¼ acres of backland area, bounded on the south by the railroad right of way and on the east and west by claimants' property line. As a result of this taking, the backland area immediately adjacent to the restaurant site was reduced from 39½ acres to 22 acres and the picnic shelter and barbecue pit were lost. Furthermore, the land south of the railroad tracks and fronting on the Susquehanna River was landlocked. In its decision dated December 5, 1972, the trial court divided claimant's land into three categories: front commercial site of 2.8 acres, river frontage developed land of 4¼ acres, and rear developed commercial recreation land of 39½ acres. Valuating each of the categories as well as the restaurant and other buildings separately, the court arrived at a total before value for claimant's property of $299,900 and a total after value of $256,350. Accordingly, total damages were set at $43,550, of which $22,200 was awarded for direct damages and $21,350 for consequential damages. Included in this figure for consequential damages were $2,500 for the front commercial site, $1,250 for the rear developed land, $8,000 for the river frontage, $9,500 for the restaurant and $100 for the other buildings. As noted above, judgment was entered upon the trial court's decision and the State appeals therefrom. Although claimants originally filed a cross appeal, they now seek only an affirmance of the judgment below. The State's first contention here is that, since no evidence was introduced by either party showing the value of either riverfront or commercial recreation land, the court erred in ascribing values to those portions of the property higher than the value indicated by the sales prices of similar nearby land. We disagree. The sale of a parcel located within a quarter mile of the subject property and on the same side of Route 7 was found by appraisers for both parties to be comparable to the subject property and was utilized as a basis for their respective valuations. Each valued the entire backland area, including the river frontage, as a unit, and adjusted the comparable sale upward to reflect the superior topography of the subject property. By this method, the State's expert found a value of $777 per acre, and claimants' expert, who made further adjustments to reflect claimants' access to the river, found a value of $3,250 per acre. The trial court's per acre values of $2,100 for the river frontage and $1,200 for the rest of the backland fall well within this range and should be sustained, it being well settled that differences between the subject property and alleged comparables can be properly adjusted by expert witnesses with the degree of comparability becoming a question of fact (*Morris* v. *State of New York*, 41 A D 2d 864; *Freiberger* v. *State of New York*, 33 A D 2d 619). Furthermore, the finding of a separate, enhanced value for the river frontage is supported both by the testimony of the State's appraiser that this immediate area had an increased value because of the river

and by relevant case law (cf. *Sparks* v. *State of New York*, 39 A D 2d 822). The State's second contention, that the trial court erred in consequentially damaging the remaining accessible property because claimants' gross income increased at a greater rate after the taking than before, is similarly without merit. This argument ignores the fact that the State's contractor did not take possession of the appropriated property or start construction until over a year after the original taking and, also, fails to recognize that an increase in gross income is not an accurate measure of worth (see *Matter of Ford* [*Dosseff-Conklin*], 36 A D 2d 352). One element of the court's consequential award, however, the $9,500 for the restaurant building, is without adequate foundation and must not be sustained. There may well have been a diminution in the value of the remaining land or the property as a unit arising from its loss of utility for business purposes, and such a loss is properly compensable (*Wayside Nurseries* v. *State of New York*, 36 A D 2d 212). This rationale does not account for any damage to the restaurant building itself, however, and, there being no other explanation for that portion of the court's award, it is hereby disallowed. Judgment modified, by reducing the amount thereof to $34,050, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.